COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone:   (650) 843-5000
Facsimile:   (650) 849-7400


Attorneys for Defendants,
ADAMAS PHARMACEUTICALS, INC.,
WILLIAM ERICSON, MARTHA J. DEMSKI,
IVAN LIEBERBURG, GREGORY T. WENT,
MICHAEL F. BIGHAM, DAVID L. MAHONEY,
JOHN MACPHEE, ALFRED G.
MERRIWEATHER, RICHARD A. KING, and
MARDI C. DIER

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Ste. 2450
Los Angeles, CA 90071
Telephone:   (213) 785-2610
Facsimile:    (213) 226-4684
Email: lrosen@rosenlegal.com

Attorneys for Plaintiffs
PATRICK VAN CAMP and JAMES
DRUZBIK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK VAN CAMP, derivatively on behalf of ADAMAS PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY T. WENT, ALFRED G. MERRIWEATHER, RICHARD A. KING, MICHAEL F. BIGHAM, MARTHA J. DEMSKI, MARDI C. DIER, WILLIAM W. ERICSON, IVAN LIEBERBURG, DAVID L. MAHONEY, and JOHN MACPHEE,<br><br>Defendants.<br><br>-and-<br><br>ADAMAS PHARMACEUTICALS, INC.,<br><br>Nominal Defendant. | Case No.: 4:20-cv-01815-RS<br><br>**JOINT STIPULATION AND ORDER TO CONSOLIDATE RELATED DERIVATIVE ACTIONS AND APPOINT CO-LEAD PLAINTIFFS AND COUNSEL, AND STAY DERIVATIVE ACTION** |

| | |
|---|---|
| JAMES DRUZBIK, derivatively on behalf of ADAMAS PHARMACEUTICALS, INC., | Case No.: 4:20-cv-02320-RS |
| Plaintiff, | |
| v. | |
| GREGORY T. WENT, ALFRED G. MERRIWEATHER, RICHARD A. KING, MICHAEL F. BIGHAM, MARTHA J. DEMSKI, MARDI C. DIER, WILLIAM W. ERICSON, IVAN LIEBERBURG, DAVID L. MAHONEY, and JOHN MACPHEE, | |
| Defendants. | |
| -and- | |
| ADAMAS PHARMACEUTICALS, INC., | |
| Nominal Defendant. | |

Plaintiffs Patrick Van Camp and James Druzbik ("Plaintiffs"), derivatively and on behalf of nominal defendant Adamas Pharmaceuticals, Inc. ("Adamas"), and defendants Gregory T. Went, Alfred G. Merriweather, Richard A. King, Michael F. Bigham, Martha J. Demski, Mardi C. Dier, William M. Ericson, Ivan Lieberburg, David L. Mahoney, and John MacPhee (collectively, the "Individual Defendants" and together with Adamas, "Defendants") (collectively, the "Parties") jointly submit this Stipulation to Consolidate Related Derivative Actions, Appoint Co-lead Plaintiffs and Counsel, and Stay the Derivative Action ("Stipulation"), and in support thereof state as follows:

**WHEREAS**, on March 16, 2020, Plaintiff Van Camp filed the above-captioned action, purportedly in the right, and for the benefit, of Adamas against the Individual Defendants seeking to remedy the Individual Defendants' alleged violation of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duties, unjust enrichment and gross mismanagement that occurred and have caused substantial harm to Adamas (the "Van Camp Action").

**WHEREAS**, on April 6, 2020, Plaintiff Druzbik filed his above-captioned action, which asserts the same allegations against the same defendants as in the *Van Camp* complaint (collectively, the "Derivative Actions").

2.

JOINT STIPULATION AND ORDER TO
CONSOLIDATE AND STAY DERIVATIVE ACTION
4:20-CV-01815-KAW

1   **WHEREAS**, Cooley LLP represents the Defendants. The Brown Law Firm, P.C. represents Plaintiff Van Camp in the Van Camp Action. The Rosen Law Firm P.A. represents Plaintiff Druzbik in the Druzbik Action and is local counsel for Plaintiff Van Camp in the Van Camp Action;

**WHEREAS**, under Fed. R. Civ. P. 42(a), when actions "involve a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost of delay";

**WHEREAS**, the Derivative Actions challenge the same alleged misconduct by the Individual Defendants and involve identical questions of law and fact;

**WHEREAS**, to avoid potentially duplicative actions and to preserve both public and private resources, the parties have met and conferred and agree that the Derivative Actions should be related and consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action (hereinafter referred to as the "Consolidated Derivative Action");

**WHEREAS**, counsel for the Plaintiffs have met and conferred and agree that The Rosen Law Firm P.A. and the Brown Law Firm, P.C., the firm resumes of which are attached hereto as Exhibits A and B, respectively, shall serve as co-lead counsel and Plaintiffs shall serve as co-lead plaintiffs in the Consolidated Derivative Action;

**WHEREAS**, Defendants take no position as to the appointment of lead counsel or lead plaintiff in the Consolidated Derivative Action;

**WHEREAS**, also pending in the United States District Court for the Northern District of California (the "Court") is a putative securities class action captioned *Ali Zaidi v. Adamas Pharmaceuticals, Inc., et al.*, Case No. 4:19-cv-08051 (the "Securities Class Action"), which was filed on December 10, 2019;

**WHEREAS**, Adamas, Gregory T. Went, and Alfred G. Merriweather are named defendants in the Consolidated Derivative Action, and they are also named as defendants in the Securities Class Action (the "Federal Securities Class Action Defendants");

**WHEREAS**, the Securities Class Action alleges, *inter alia*, that the Federal Securities Class Action Defendants violated the Exchange Act;

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Consolidated Derivative Action and the Securities Class Action, including the relevance of many of the same documents and witnesses;

**WHEREAS**, on March 3, 2020, the Court in the Securities Class Action appointed lead plaintiff (the "Securities Class Action Lead Plaintiff") and lead counsel (Dkt. No. 56);

**WHEREAS**, the deadline for the Securities Class Action Lead Plaintiff to file an amended complaint is May 15, 2020 (Dkt. No. 59).

**WHEREAS**, the Federal Securities Class Action Defendants intend to file a motion to dismiss any amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), and the deadline to file such motion or otherwise respond to any amended complaint is July 14, 2020 (Dkt. No. 59);

**WHEREAS**, the deadline for the Securities Class Action Lead Plaintiff to file an opposition brief to any motion to dismiss is August 28, 2020, and the deadline for the Federal Securities Class Action Defendants to file a reply to any opposition brief is September 28, 2020 (Dkt. No. 59); and

**WHEREAS**, in order ensure economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the overlap between the Consolidated Derivative Action and the Securities Class Action, the Derivative Action should be voluntarily stayed on the terms set forth below unless and until either (1) the Securities Class Action is dismissed, with prejudice, by the Court, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Class Action is denied in part or in full.

**NOW THEREFORE**, it is hereby stipulated by and between the parties hereto, through their undersigned counsel of record, as follows:

1. The following Derivative Actions shall be consolidated for all purposes, including pre-trial proceedings and trial, into the one action, the Consolidated Derivative Action:

   - *Van Camp v. Went, et al.*, Case No. 4:20-cv-01815-KAW, filed on March 16, 2020
   - *Druzbik v. Went, et al.*, Case No. 4:20-cv-02320-KAW, filed on April 6, 2020

2. Every pleading filed in the Consolidated Derivative Action shall bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ADAMAS PHARMACEUTICALS, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. 4:20-cv-01815-RS<br><br>(Consolidated with Case No. 4:20-cv-02320-RS) |

3. This Order shall apply to any purported stockholder derivative action on behalf of nominal defendant Adamas, arising out of the same or substantially the same transactions or events as the Consolidated Derivative Action that is subsequently filed in, removed to, or transferred to this Court.

4. If a case that properly belongs as part of *In re Adamas Pharmaceuticals, Inc. Shareholder Derivative Litigation*, Lead Case No. 4:20-cv-01815-KAW, is hereafter filed in this Court, removed to this Court, or transferred here from another court, the Parties shall promptly call to the attention of the Clerk of the Court the filing, removal, or transfer of any case, that might properly be consolidated as part of *In re Adamas Pharmaceuticals, Inc. Shareholder Derivative Litigation*, Lead Case No. 4:20-cv-01815-KAW.

5. The Rosen Law Firm, P.A. and the Brown Law Firm, P.C. shall serve as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action. Co-Lead Counsel shall have authority to speak for Plaintiffs in matters regarding pre-trial and trial procedure and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of the Consolidated Derivative Action and to avoid duplicative or unproductive efforts. Patrick Van Camp and James Druzbik shall serve as Co-Lead Plaintiffs in the Consolidated Derivative Action.

6. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, and such agreements shall be binding on Co-Lead Plaintiffs and all other plaintiffs, if any, in the Consolidated Derivative Action.

7. Defendants Adamas, Gregory T. Went, Alfred G. Merriweather, Richard A. King, Michael F. Bigham, Martha J. Demski, Mardi C. Dier, William M. Ericson, Ivan Lieberburg, David L. Mahoney, and John MacPhee hereby acknowledge and accept service of the complaints filed in the Derivative Actions. Defendants need not respond to said complaints until such time as agreed between Co-Lead Plaintiffs and Defendants or as otherwise ordered by the Court.

8. This Consolidated Derivative Action shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

9. Defendants agree that if a related derivative lawsuit is filed in this Court or another court, Defendants will promptly inform Co-Lead Plaintiffs.

10. The Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay for the same or longer duration and/or if Defendants do not seek to stay such lawsuit, Defendants will promptly inform Co-Lead Plaintiffs of the same, and Co-Lead Plaintiffs may lift the agreed stay upon fifteen (15) days' notice in writing to the undersigned counsel for Defendants via email.

11. The Parties agree that Defendants shall inform Co-Lead Plaintiffs promptly upon the scheduling of any mediation with the plaintiffs in the Securities Class Action, and shall make a good faith effort to include Co-Lead Plaintiffs in any mediation with any such plaintiffs. In the event that Defendants' good faith efforts do not result in including Co-Lead Plaintiffs in the mediation with plaintiffs in the Securities Class Action, then Defendants agree to mediate with Co-Lead Plaintiffs in the Derivative Action at or about the same time. The Parties further agree that Defendants shall inform Co-Lead Plaintiffs promptly upon the scheduling of any mediation with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein, and shall include Plaintiff in any such mediation.

12. The Parties agree that notwithstanding the stay of this Consolidated Derivative Action, the Parties reserve all of their rights.

13. The Parties agree that notwithstanding the stay of this Consolidated Derivative Action, Plaintiff may file an amended complaint. Defendants shall be under no obligation to respond to the complaints thus filed in the Consolidated Derivative Action or any subsequent complaint filed in the

Derivative Action during the pendency of the stay and Defendants expressly do not waive any arguments they may have that any demands in any such amended complaint would not be futile by looking at the composition of the Adamas board of directors at the time of the filing date of the amended complaint. Likewise, Co-Lead Plaintiffs do not waive any arguments they may have that any demands in any such amended complaint would be futile by looking at the composition of the Adamas board of directors at the time of the filing date of the original complaint.

14. In the event that Defendants agree to produce, or any of them are ordered to produce, any documents in the Securities Class Action, in any related derivative action, or to any purported shareholder of Adamas in response to a related books and records request, copies of such documents shall be provided to counsel for Plaintiffs within fifteen (15) days, subject to the execution by Co-Lead Plaintiffs of a confidentiality agreement governing the use and disclosure of these materials, provided that the documents may be used in the Consolidated Derivative Action.

15. Upon occurrence of any of (1) the dismissal of the Securities Class Action, with prejudice, by the Court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss, in part or in full, the Securities Class Action filed by the Federal Securities Class Action Defendants; or (3) if Co-Lead Plaintiffs lift the stay pursuant to paragraph 10 hereof, the Parties shall notify the Court within fifteen (15) court days after the occurrence of any of the events above.

16. The case management conference scheduled for June 16, 2020 ("CMC") and all deadlines related to the CMC are hereby vacated.

IT IS SO STIPULATED.

Dated: May 7, 2020

| | |
|---|---|
| **THE ROSEN LAW FIRM, P.A.** | **COOLEY LLP** |
| By: */s/ Laurence M. Rosen*<br>Laurence M. Rosen, Esq. (219683)<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Telephone: (213) 785-2610<br>Facsimile: (213) 226-4684<br>Email: lrosen@rosenlegal.com<br><br>*Attorneys for Plaintiffs*<br>*PATRICK VAN CAMP and JAMES DRUZBIK* | By: */s/ Tijana M. Brien*<br> Tijana M. Brien (286590)<br><br>*Attorneys for Defendants,*<br>ADAMAS PHARMACEUTICALS, INC., WILLIAM ERICSON, MARTHA J. DEMSKI, IVAN LIEBERBURG, GREGORY T. WENT, MICHAEL F. BIGHAM, DAVID L. MAHONEY, JOHN MACPHEE, ALFRED G. MERRIWEATHER, RICHARD A. KING, and MARDI C. DIER |

**THE BROWN LAW FIRM, P.C.**

By: */s/ Timothy Brown*
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff*
*PATRICK VAN CAMP*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, Tijana M. Brien hereby attests that concurrence in the filing of this document has been obtained from all the signatories above.

Dated: May 7, 2020

                                                           /s/ Tijana M. Brien

\* \* \*

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated:  5/18/2020

                                       Richard Seeborg
                                       United States District Judge